Leroy V. SOSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00309–CR.

Court of Appeals of Texas,
San Antonio.

July 25, 1984.

On Motion to Reinstate Appeal
Sept. 12, 1984.

---

Allan R. Manka, San Antonio, for appellant.

Alger H. Kendall, Dist. Atty., Karnes City, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is a purported appeal from a denial of habeas corpus. Petitioner filed a writ of habeas corpus in the trial court seeking reductions in the amount of bail required of him on three pending charges. The trial court conducted a hearing and then entered an order denying the writ.

█ It is obvious from the record before us that the trial court refused to issue or grant the writ. There is no written order

1. "THE COURT: Counsel, I'm not inclined to reduce his bonds. I, therefore, will deny the

of the court in connection with the application of the writ to show the writ was issued or granted. The only order in the record is an order denying the writ. Under such circumstances, we do not have jurisdiction in such a situation because there is no appeal from a refusal to issue or grant a writ of habeas corpus even after a hearing. *See Ex parte Noe,* 646 S.W.2d 230 (Tex. Crim.App.1983).

█ Even if it could be argued that the trial court did issue the writ and following the hearing thereon denied relief, we would still not have jurisdiction to entertain this matter. The record before us fails to show that notice of appeal was ever given and there is no showing of good cause for the absence of such notice. Absent such notice, jurisdiction is not established in the appellate court. *See Ex parte Noe,* 646 S.W.2d 230 (Tex.Crim.App.1983).

This cause is dismissed for want of jurisdiction.

CANTU, Justice, concurring.

I agree that the attempted appeal must be dismissed for want of jurisdiction inasmuch as notice of appeal is conspicuously absent from the record.

I cannot, however, agree that an appeal was not possible because the trial court refused to issue or grant the writ. The record is clear, even in the absence of a written order, that the trial court made the writ returnable for a date certain for the purpose of conducting a hearing to determine whether the relief sought would be granted or denied.

The oral announcement of the trial court after a lengthy hearing leaves no doubt that the relief sought was denied only after a full consideration of the merits of the application.[1]

ON MOTION TO REINSTATE APPEAL

ESQUIVEL, Justice.

On July 25, 1984, this Court issued an opinion dismissing the purported appeal

Writ of Habeas Corpus."

from a denial of habeas corpus in this cause. In our opinion, we held that we were without jurisdiction to entertain this appeal for two reasons: first, the record before us revealed that the trial court had refused to issue or grant the writ, and secondly, there was no notice of appeal. Petitioner has filed a motion to reinstate the appeal along with supporting documentation to show that he timely gave notice of appeal.

While we may now observe that petitioner timely filed a notice of appeal, there is still nothing in this cause from which petitioner may take an appeal. The record before us still shows that the trial court refused to issue or grant the writ. In the copy of the petition for writ of habeas corpus there is a provision for the issuance of the writ by order of the court. This provision has appropriate blank spaces for the signatures of the judge issuing the writ, the court from which the writ is being issued and the appropriate time and places designated. This provision was not signed by any judge and all the blank spaces are just that, blank. At the hearing in the trial court, the prosecutor pointed out that no writ had yet been issued by any court. We adhere to our first reason for dismissing this cause given on original submission. We do not have jurisdiction in this instance because there is no appeal from a refusal to issue or grant a writ of habeas corpus even after a hearing. *See Ex parte Noe*, 646 S.W.2d 230 (Tex.Crim.App.1983).

Petitioner's motion to reinstate the appeal is denied.

CANTU, Justice, dissenting.

By his motion to reinstate appeal, appellant has attempted to cure the defects pointed out in this court's opinion dated

1. *See* TEX.CODE CRIM.PROC.ANN. art. 11.03 (Vernon 1977),

"The writ of habeas corpus is not invalid, nor shall it be disobeyed for any want of form, if it substantially appear that it is issued by competent authority, and the writ sufficiently show the object of its issuance."

2. *See* TEX.CODE CRIM.PROC.ANN. art. 11.01 (Vernon 1977) which in pertinent part provides:

July 25, 1984, dismissing his appeal for want of jurisdiction.

Attached to his motion are three exhibits, namely: 1) "Application for Writ of Habeas Corpus together with Fiat and Waiver of Service," 2) response by the sheriff of Wilson County acknowledging custody of the appellant and producing the body of appellant before the judge of the 218th District Court of Wilson County in response to a writ of habeas corpus issued by the court, and 3) notice of appeal to this Court.

In my previous opinion I concurred with the majority in dismissing because of a lack of notice of appeal in the record. However, I disagreed with the majority that the trial court's order was not appealable. I remain convinced that the majority was wrong then and remains in error now.

The entire basis for the majority's holding is predicated upon the use of a pre-printed form containing blanks in the Fiat portion of the instrument indicating, at best, that the trial court did not issue the writ through the use of this expedient form.[1]

The response of the sheriff belies the majority's conclusion that the writ did not issue.[2]

His response reads *in haec verba:*

THE STATE OF TEXAS

VS.

LEROY V. SOSA

IN THE DISTRICT COURT

218TH JUDICIAL DISTRICT

WILSON COUNTY, TEXAS

No. 10,926

TO THE HONORABLE JUDGE OF SAID COURT:

"The writ of habeas corpus ... is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint."

## I.

In response to your Honor's writ of habeas corpus, I respectfully state that it is true that I have in my custody and under my restraint the said Leroy V. Sosa, according to the statement in his petition.

## II.

I took Leroy V. Sosa into custody by virtue of a warrant of arrest issued on December 18, 1983 by Rose Toscano, Justice of the Peace, Precinct No. 1, Wilson County, Texas, and now hold the said Leroy V. Sosa by virtue of the authority of the capias issued after the return of an indictment by the Wilson County Grand Jury. The warrant of arrest, the indictment and the capias are all annexed hereto as a part of this return.

## III.

Bond has been set on each of Leroy V. Sosa's criminal indictments at $250,000.00.

## IV.

All other allegations contained in the petition of Leroy V. Sosa, I deny.

## V.

I also now bring before the Court, in obedience to your Honor's Order, the person of the said Leroy V. Sosa.

/S/ Marvin H. Baumann
MARVIN H. BAUMANN

Sworn to and subscribed before me by Marvin H. Baumann on this the 22nd day of June, 1984.

3. *See* TEX.CODE CRIM.PROC.ANN. art. 11.10 (Vernon 1977) which provides:
   "When motion has been made to a judge under the circumstances set forth in the two preceding Articles, he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. He shall also specify some place in the county where he will hear the motion."

4. "The Court: Counsel, I'm not inclined to reduce his bonds. I, therefore, will deny the writ of habeas corpus."

5. The closing arguments by appellant's counsel and the State's attorney clearly address the

/S/ Jody Gregory
ex-officio NOTARY PUBLIC,
Wilson County, Texas

I continue to adhere to my original belief that the writ issued and was made returnable for a date certain for the purpose of conducting a hearing to determine whether the relief sought would be granted or denied.[3] The sheriff's response leaves no doubt that appellant was taken before the trial court "in obedience to (His) Honor's Order" and that the relief sought by the writ was denied only after a full consideration of the merits of the application.[4]

Contrary to the majority's holding, there is no requirement that the writ be directed to the custodian in writing, much less that a particular form be used to accomplish the intended result.

TEX.CODE CRIM.PROC.ANN. art. 11.-27 (Vernon 1977) provides in pertinent part:

   The writ may be served by delivering a copy of the original to the person who is charged with having the party under restraint or in custody, and exhibiting the original, if demanded; if he refuse to receive it, he shall be *informed verbally* of the purport of the writ.... (Emphasis mine.)

The absence of the original written order directed to the sheriff from the record 'should not be determinative of this court's jurisdiction. The record before us demonstrates a denial of relief and not a denial of the writ.[5] This court should rule on the grant or denial of relief and not the grant or denial of the writ.

   "The Court: You want to argue a little bit. [Appellant's attorney] Mr. Manka: Your Honor, ... We would urge the Court to set reasonable bonds in the amount of $20,000 for each of the first degree felonies and $50,000 for the capital bond.
   The Court: What do you say, Mr. D.A.?
   [State's attorney] Mr. Kendall: Your Honor, I would object to any change in the bond, unless the Court chose to raise the bond in the capital murder case ... I would ask that none of the bonds be reduced."
The record reflects that the application for writ of habeas corpus was originally presented to Judge Max Boyer sitting for Judge Robert Es-

merits of the appeal based upon what the trial court did and not upon how he labelled the proceedings. I dissent to the majority's refusal to reinstate the appeal.

chenburg who recused himself from the bond reduction hearing and that a ruling on the merits of the application was postponed at the request of all parties concerned. The record further reflects that retired Judge Eugene Williams was assigned to the 218th District Court of Wilson County for the purpose of conducting a hearing on the application seeking reduction of bond.

The order entered by Judge Williams clearly and unequivocally recites that he has refused *to reduce the bonds* only after considering the Petition for Writ of Habeas Corpus, the returns of the sheriff, the testimony of the witnesses presented, the evidence introduced and the arguments by counsel.