herbert 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON REMAND


 




NO. 3-89-185-CR





EX PARTE: HERBERT E. HARGETT,



 APPELLANT



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 28,341-B, HONORABLE JACK W. PRESCOTT, JUDGE



 



 Herbert E. Hargett appeals from an order of the district court rendered on his
petition for writ of habeas corpus. We will affirm the order.



THE CONTROVERSY


 In 1981, the trial court rendered judgment convicting Hargett of felony theft and
sentencing him to a term of imprisonment that he has served. In 1989, Hargett filed in the trial
court a petition for writ of habeas corpus under Article V, section 8 of the Constitution of the
State of Texas. He averred that certain collateral effects of his conviction amounted to a restraint
of his liberty, and that the restraint was unlawful because: (1) the prosecutor breached the plea-bargain agreement upon which Hargett had relied in pleading nolo contendere; and (2) his trial
counsel failed to provide reasonably effective assistance in connection with the plea bargain. 
Hargett prayed that his conviction and sentence be set aside and that he be released from restraint.

 The trial court rendered an order declaring that Hargett's petition had come before
the court for consideration, and that the court had considered the petition and found it "without merit," for which reason it was "denied." Hargett appealed to this Court. Based on our
interpretation of the trial-court order and the record as a whole, we concluded the trial court had
refused to hold a hearing on the issues raised in Hargett's petition and had refused to issue a writ
of habeas corpus. In an unpublished opinion, we therefore dismissed his appeal for want of
jurisdiction. See Ex parte Noe, 646 S.W.2d 230 (Tex. Crim. App. 1983); Ex parte Moorehouse,
614 S.W.2d 450 (Tex. Crim. App. 1981).

 The court of criminal appeals interpreted the trial-court order differently, holding
that the trial court had indeed ruled on the merits of Hargett's claim and, apparently, that the trial
court's order was tantamount to issuance of the writ of habeas corpus. Ex parte Hargett, 819
S.W.2d 866, 869 (Tex. Crim. App. 1991). Consequently, this Court did have jurisdiction under
the provisions of Tex. Code Crim. Proc. Ann. art. 44.02 (1979). The court of criminal appeals
thereupon reversed our judgment and remanded the cause to this Court for consideration of the
merits of Hargett's claim.

 We turn then to the merits of Hargett's appeal.



DISCUSSION AND HOLDING


 In his petition for writ of habeas corpus, Hargett set forth three grounds supporting
his right to relief: (1) the prosecutor, in breach of the plea-bargain agreement, recommended
imprisonment for Hargett during the punishment hearing; (2) Hargett's trial counsel
misrepresented the terms of the plea-bargain agreement, thereby inducing Hargett to plead nolo
contendere; and (3) Hargett's trial counsel failed adequately to prepare for the trial, depriving
Hargett of his Sixth Amendment right to effective assistance of counsel. 

 On appeal, however, Hargett complains only that the trial court "erred in denying
relief without conducting an evidentiary hearing on appellant's allegations." Hargett argues that
the trial court should have held an "evidentiary hearing" to provide him an opportunity to present
evidence on the three issues. We disagree.

 Under the doctrine of invited error, an appellant may not complain on appeal that
a court granted the appellant's own request. Benson v. State, 496 S.W.2d 68, 70 (Tex. Crim.
App. 1973). If the appellant's actions caused the trial judge to rule a particular way or render a
particular order, the appellant may not avail himself of the very error he initiated. Ex parte
Guerrero, 521 S.W.2d 613, 615 (Tex. Crim. App. 1975). This rule applies even when the court
commits fundamental error. See Cadd v. State, 587 S.W.2d 736, 741 (Tex. Crim. App. 1979);
Smith v. State, 635 S.W.2d 591, 593 (Tex. App. 1982, no pet.).

 In his petition for writ of habeas corpus, Hargett stated, "Applicant is advised by
the District Clerk that a transcript of the punishment hearing is not available. However, the issues
involved in this cause may be determined by the Trial Court Record. Applicant has requested a
certified copy be provided for use with this petition." (Emphasis added). Hargett thus requested
a determination of his petition based upon the record of his trial save for the part pertaining to
punishment.

 The district court apparently accepted Hargett's invitation to decide the merits of
the application from the record of trial. The court's order first recited that the court denied
Hargett's request for relief based on its examination of the trial-court record. (1) Next, in rejecting
Hargett's allegation that the prosecutor breached the plea-bargain agreement, the court referred
to the plea-bargain agreement in the record and noted that the evidence in the record did not
support Hargett's allegation. The court stated as well that Hargett presented his claim in a
motion-for-new-trial hearing in 1981, and the trial court denied relief at that time. Finally, in
rejecting the ineffective-assistance-of-counsel argument, the court referred to the admonishment
portion of the record, in which Hargett stated that he had discussed the plea with his attorney and
understood the plea-bargain agreement.

 Apart from the items referred to in the district court's order, the record also
contained other evidence which would likely be duplicated in an evidentiary hearing: (1)
Hargett's affidavit in which he swore that he would not have pleaded guilty but for the promise
of the prosecutor and the recommendation of Hargett's attorney; (2) an affidavit in which
Hargett's trial attorney swore that the prosecutor violated the plea-bargain agreement; (3) an
affidavit in which Hargett swore that a witness perjured himself at Hargett's trial and that the
prosecutor's deceit prevented Hargett from calling character witnesses at trial; and (4) the 1981
docket sheet which reflected that both Hargett and the prosecutor testified in the motion-for-new-trial hearing. We find it reasonable to assume the district court could decide the merits of
Hargett's petition by examining the trial-court record. 

 If the trial court erred by failing to conduct an "evidentiary hearing" on Hargett's
allegations, we believe Hargett invited the error. In his petition, Hargett stated that the district
court could determine "the issues involved in this cause" from the trial-court record. He now
complains because the district court did exactly what he asked it to do: decide all of the issues
based on the record that he provided the district court.

 This case is analogous to In re Garcia, 443 S.W.2d 594 (Tex. Civ. App. 1969, no
writ). The appellant in Garcia requested that certain testimony from a trial-court hearing be
transcribed and included in the statement of facts for appeal. Although the court reporter prepared
the statement of facts in accordance with the appellant's request, the appellant complained on
appeal that the court reporter did not prepare a complete statement of facts. The court of appeals
held that because the appellant specifically instructed the court reporter not to include certain
testimony, he could not complain of the lack of that testimony in the record on appeal. Id. at 596. 


 Similarly, Hargett invited the district court to decide all of the issues based on the
trial-court record. Although neither party has seen fit to address the issue of invited error in this
Court, (2) we believe Hargett may not maintain a claim of error on the ground that the district court
failed to hold an "evidentiary hearing." See White v. State, 644 S.W.2d 881, 884 (Tex. App.
1982, no pet.) (An appellant "may not create reversible error by his own manipulation.").

 We overrule Hargett's point of error. Finding no error, we affirm the district
court's order.



 

 John Powers, Justice

[Before Justices Powers, Jones and Onion*]

Affirmed

Filed: April 1, 1992

[Publish]

















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).

1. [1] In its order denying the petition for the writ of habeas corpus, the trial court stated, "The
Court finds that there is no need for an evidentiary hearing or expansion of the record, for the
reason that there are no issues that can not be resolved by examining the existing record."
2. As mentioned in the text of our opinion, Hargett's sole complaint on appeal is that the
trial court erred when it denied Hargett "relief without conducting an evidentiary hearing" on
the allegations in his petition for habeas corpus.

 

 Following remand from the court of criminal appeals, we requested in a letter dated
December 20, 1991, that the parties file supplemental briefs discussing a specific matter: the
meaning and legal effect of Hargett's statement in his petition for habeas corpus that "the
issues involved in this cause may be determined by the Trial Court Record." Our letter
directed that the supplemental briefs be filed by January 3, 1992.


 On January 3, 1992, Hargett filed a motion requesting that he be allowed thirty days
from that date in which to file his brief. We granted the motion, but directed that the parties
file their briefs by January 17, 1992.


 The State filed its supplementary brief on January 22, 1992, but failed to address
whether Hargett's statement invited the district court to rule without the "evidentiary hearing"
concerning which he complains on appeal.


 Hargett has not filed a supplemental brief as of the date this opinion is filed.