**Ex Parte Alton CARTER.**

**No. 04–91–00680–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 17, 1993.

Frances Cusack, Larry Zinn, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Edward F. Shaughnessy, III, James Kopp, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before PEEPLES, GARCIA.and ONION, JJ.

## OPINION

ONION, Justice.[1]

Our opinion on original submission is withdrawn and the following opinion is substituted in lieu thereof.

This is an attempted appeal from an order denying an application for a pretrial writ of habeas corpus in which application the appellant claimed violations of the double jeopardy provisions of the federal and state constitutions.

On November 21, 1991, appellant filed an "Application for Writ of Habeas Corpus" with a prayer that the trial court conduct "an evidentiary hearing on this application and upon conclusion thereof issue such writ. . . ." The habeas corpus application was filed under the cause number of a pending murder indictment in cause number 91–CR–1005.[2] The application alleged

---

1. Presiding Judge, Retired, Court of Criminal Appeals, assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. Habeas Corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings. Such habeas proceedings should be docketed separately from the substantive cause and given a different cause number. An appeal from an order denying relief after the issuance of the habeas corpus writ is not an interlocutory appeal from the substantive cause arising out of an indictment, felony information complaint and information. Failure to docket habeas corpus proceedings separately is a common mistake of the bench and bar and the court clerks of this State.

that applicant was originally indicted for murder under cause number 91–CR–1005, but that he was subsequently reindicted for the same murder in cause number 91–CR–3938A which indictment in the second count also charged him with aggravated robbery by causing serious bodily injury. The name of the victim in each count was the same. The habeas application asserted that appellant had successfully moved for severance of the offenses alleged in the indictment in cause number 91–CR–3038A; and that applicant was then prosecuted for aggravated robbery and convicted by a jury that assessed a punishment of twenty-five years' imprisonment. The habeas application contended that the State was now threatening to prosecute the appellant for murder in cause number 91–CR–1005 which was the "same offense" as the aggravated robbery offense, and that being put to trial constituted violations of the constitutional double jeopardy provisions.

On November 15, 1991, the trial court conducted a hearing on the "application." At the conclusion of the hearing, the trial court orally denied "the motion." The written order found "that this Writ of Habeas Corpus should be Denied." On November 26, 1991, appellant filed a "Motion to Reconsider Application For Writ of Habeas Corpus." On December 6, 1991, the trial court heard the motion to reconsider and denied the same. The record is crystal clear that at no time did the trial court issue a writ of habeas corpus commanding the person having the applicant-appellant in custody to produce him before the court for a determination of the allegations in the habeas application. The trial court refused to issue the writ of habeas corpus.

Appellant's notice of appeal reads:

Alton Carter, Defendant, within 15 days of denial of Motion to Reconsider Application for Writ of Habeas Corpus based on double jeopardy files this notice of

appeal to the 4th District Court of Appeals in Cause No. 91–CR–1005.

It appears from the notice of appeal that appellant is seeking to appeal the ruling on the motion to reconsider the application and the refusal to issue the habeas corpus writ, and not a denial of relief after a ruling on the merits of his claim.

■■■ Although appellant's counsel told the trial court that the appeal would be an interlocutory appeal, and styled the appeal as if it were an appeal from the substantive case,[3] the record does indicate the use of a special plea under TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989).[4]

■■ Whether a trial court issues a writ of habeas corpus is a matter of discretion. *Ex parte Fowler*, 573 S.W.2d 241, 244 (Tex. Crim.App.1978), *overruled on other grounds, Ex parte Spaulding*, 612 S.W.2d 509 (Tex.Crim.App.1981); *Williams v. Harmon*, 788 S.W.2d 192, 193 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The trial court has no duty to grant a hearing on an application for writ of habeas corpus. *Williams*, 788 S.W.2d at 193.

■■ When a trial court is presented with an application for a writ of habeas corpus, it may, however, hold a hearing on limited questions whether to issue the writ or whether to simply deny the application. After such a hearing, no appeal lies from the refusal to issue the writ. *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Crim.App. 1983); *Ex parte Walker*, 813 S.W.2d 570, 571 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Ex parte Herrera*, 750 S.W.2d 923, 925 (Tex.App.—Corpus Christi 1988, no pet.); *Sosa v. State*, 678 S.W.2d 136, 137 (Tex.App.—San Antonio 1984, no pet.); *Ex parte Reese*, 666 S.W.2d 675, 677 (Tex.App.—Fort Worth 1984, pet. ref'd).

**3.** *See* footnote # 2. We have restyled the cause "Ex parte Alton Carter" instead of the original "Alton Carter v. State of Texas."

**4.** A special plea may be used to assert a double jeopardy claim under TEX.CODE CRIM.PROC. ANN. art. 27.05 (Vernon 1989). The denial of a special plea in advance of trial is an interlocu-

tory order and not a final judgment. The Courts of Appeals have no jurisdiction over an appeal from this type of interlocutory order under article 27.05. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex.Crim.App.1991); *Ex parte Walker*, 813 S.W.2d 570, 571 (Tex.App.—Corpus Christi 1991, pet. ref'd).

The issuance of the writ is a necessary step for the trial court to hear the basis for the relief sought. *Walker,* 813 S.W.2d at 571. A trial court's ruling is appealable only when the trial court issues the writ and then rules upon the merits of the questions presented at the hearing and denies the relief sought. *See, e.g., Ex parte Moorehouse,* 614 S.W.2d 450, 451 (Tex.Crim.App.1981).

An appeal from a denial of *relief* pursuant to the issuance of a pretrial writ of habeas corpus alleging that a trial on the merits will subject the defendant to double jeopardy is now an appropriate procedure. *See Stephens v. State,* 806 S.W.2d 812, 814 (Tex.Crim.App.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Crim.App.1986); *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex. Crim.App.1982). This is the procedure that appellant seeks to utilize. Appellant's difficulty stems from the fact that the trial court never issued a writ of habeas corpus. *See* TEX.CODE CRIM.PROC.ANN. art. 11.01, *et seq.* (Vernon 1977). After a hearing on the original "application," the trial court orally denied "the motion" and denied in writing the "writ of habeas corpus." A motion for reconsideration of the "application" was denied. Appellant attempts only to appeal from this latter ruling. There is no appealable order in the record. The trial court did not, following the issuance of a writ of habeas corpus, deny relief based on the merits of the question presented.

Under the circumstances presented, this Court has no jurisdiction because there is no appeal from a denial of a habeas corpus application or a refusal to issue a writ. *See Noe,* 646 S.W.2d at 231; *Moorehouse,* 614 S.W.2d at 451; *Walker,* 813 S.W.2d at 571; *Sosa,* 678 S.W.2d at 137.

This is the same conclusion that this Court reached on original submission. In his petition for discretionary review, appellant accuses this Court of overlooking *Ex parte Hargett,* 819 S.W.2d 866 (Tex.Crim.

App.1991), *on remand,* 827 S.W.2d 606 (Tex.App.—Austin 1992, pet. ref'd), although appellant had not earlier cited *Hargett* or relied upon that opinion.

In *Hargett,* the Court of Criminal Appeals stated:

> The Court of Appeals correctly ruled that the trial court did not issue a writ of habeas corpus. However, it erred in concluding that it had no jurisdiction to hear the appeal from the trial court's order denying relief. This is not a case where the district court simply refused to hear the application as presented. Here, the court went beyond merely deciding not to issue the writ of habeas corpus. The court, in this instance, undertook to rule on the merits of the application.
>
> It is important to recognize that there is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ. The trial court in the instant case did not issue the requested writ of habeas corpus. However, he did not dismiss the application either. Instead, the court undertook to rule on the merits of applicant's claim and hence, the court of appeals has jurisdiction over applicant's appeal.

*Hargett,* 819 S.W.2d at 869.

The *Hargett* decision was clearly based on its own particular facts. These facts were not overly detailed in the opinion.[5] After noting that the trial court had not formally issued a writ of habeas corpus, the Court stated:

> Instead, after noting that it had jurisdiction of the case, the trial court denied applicant an evidentiary hearing and expansion of the record. It based this denial on its conclusion that there were no issues that could not be resolved by examining the existing record. It then proceeded to address the merits of each of the allegations submitted by applicant and found them to be *without merit.* The court *denied relief.*

827 S.W.2d at 606–08.

---

5. For additional facts, see the opinion on remand by the Austin Court of Appeals, *Hargett,*

*Hargett,* 819 S.W.2d at 868 (emphasis added).

With regard to the right to appeal, the *Hargett* Court recognized the difference between a hearing a trial court *might* hold in order to determine if there is sufficient cause for the issuance of a writ of habeas corpus and the type of hearing, after the issuance of the writ, which is held to ultimately resolve the merits of applicant's claim. Because of the particular facts, the Court of Criminal Appeals concluded that the trial court in *Hargett* had actually ruled on the merits and had denied relief establishing a proper basis for an appeal. Apparently, the Court of Criminal Appeals considered that the trial court's order was tantamount to the issuance of a writ of habeas corpus. *See Hargett,* 827 S.W.2d at 607.

The instant case is distinguishable from *Hargett* on the facts. Appellant requested a hearing on his habeas "application" to determine if a writ should issue. After "the motion" was denied, appellant asked only for reconsideration of the "application," which motion was subsequently denied. The attempted appeal is expressly sought by appellant from this latter order in which the trial court did not rule on the merits of the claim and deny relief.[6]

While appellant tries to bring his case under the *Hargett* umbrella, we do not conclude that the Court of Criminal Appeals intended to turn every hearing to determine if there is sufficient cause to issue a writ of habeas corpus into a hearing to ultimately resolve the merits of an applicant's claim when a writ of habeas corpus has not been issued. If such a conclusion could be reached, trial courts within their discretion would rarely conduct the type of hearing appellant requested of the trial court in the instant case. We hold that *Hargett* is not controlling and adhere to our original holding.

This Court is without jurisdiction to entertain the attempted appeal in this cause. The appeal is dismissed.

---

6. The order in question reads:
   "On this the *6* day of *Dec.,* 1991, came on to be heard the foregoing Motion to Reconsider Application for Writ of Habeas Corpus, and

the Court having considered same finds that this Writ of Habeas Corpus should be (Denied)."