

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00348-CR

**IN RE** Sylvia **MARTINEZ**

Original Mandamus Proceeding[1]

Opinion by:     Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  August 26, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

On June 8, 2015, relator Sylvia Martinez filed a petition for writ of mandamus and an emergency motion to stay proceedings in the underlying criminal cause. Martinez complained of the trial court's (1) denial of her request to issue a writ of habeas corpus, and (2) refusal to entertain the merits of her habeas application. We granted a stay of the jury trial set to proceed in the criminal cause, and requested a response to the petition for writ of mandamus. Having reviewed the petition, record and response filed on behalf of the respondent judge, we conclude that Martinez is entitled to mandamus relief because the trial court refused to rule on the habeas application. Accordingly, we grant the petition for writ of mandamus in part and deny it in part.

---

[1] This proceeding arises out of Cause No. 2014CR1384, styled *The State of Texas v. Sylvia Martinez*, pending in the 187th Judicial District Court, Bexar County, Texas, the Honorable Steve Hilbig presiding.

## BACKGROUND

Martinez was indicted by a Bexar County grand jury on February 26, 2014, and charged with the state jail felony offense of prostitution.[1] *See* TEX. PENAL CODE ANN. § 43.02(c)(2) (West Supp. 2014) (misdemeanor offense becomes state jail felony if accused has three or more prior convictions for the same offense). After two re-sets, jury selection was scheduled to begin on June 8, 2015. On June 5, Martinez filed a pre-trial petition for writ of habeas corpus seeking protection from double jeopardy. Martinez alleged that she plead no contest to the Class C misdemeanor offense of loitering for prostitution in San Antonio Municipal Court on May 23, 2014, in Cause No. B1523240-01. *See* SAN ANTONIO, TEX., CODE OF ORDINANCES, ch. 21, art. I, § 21-25(c) (1998). Martinez contended that the prosecution in state court for a similar offense arising out of the same criminal transaction was barred by her prior conviction in municipal court as a violation of her constitutional right to be free from double jeopardy. *See* U.S. CONST. amend. V, XIV; TEX. CONST. art. I, §§ 10, 13, 14.

Before trial began on June 8, and with the veniremen waiting outside the courtroom, respondent denied the issuance of the writ, signing a hand-written order stating only, "Request for issuance of writ denied." Respondent refused to rule on or consider the merits of Martinez's application for habeas, advising counsel, "we're going to go forward with the trial." After defense counsel presented a handwritten motion for continuance, the trial court heard argument of counsel, and granted a two-week continuance of the trial setting. The record does not reflect that Martinez presented her habeas application to any other court. Instead, Martinez immediately filed this petition for writ of mandamus and requested a stay of the trial pending determination of the

---

[1] We note that Martinez was not arrested until March 2015, at which time she was assigned appointed trial counsel.

mandamus. This court granted a stay of the trial and requested a response, which was filed on June 29, 2015.

## ANALYSIS

Mandamus is an extraordinary remedy available in criminal cases only when the relator can demonstrate, "a clear right to the relief sought." *Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995) (orig. proceeding). A relator must demonstrate that the act sought to be compelled is purely ministerial and that relator has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding). Generally, the absence of a right of appeal satisfies the mandamus requirement that relator has no adequate legal remedy. *Id.* at 203. This court has authority to issue mandamus to direct a trial court to proceed to judgment in a habeas corpus proceeding, though we may not direct the trial court to enter a particular judgment on the application. *Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist.*, 362 S.W.2d 101, 105 (Tex. 1962) (orig. proceeding); *Von Kolb v. Koehler*, 609 S.W.2d 654, 655-56 (Tex. Civ. App.—El Paso 1980, orig. proceeding).

A writ of habeas corpus is the proper procedural mechanism for a person charged with a felony to challenge the restraint of her liberty on the basis of double jeopardy. *See Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013) (orig. proceeding); *Ex parte Robinson*, 641 S.W.2d 552, 553-54 (Tex. Crim. App. 1982).

Martinez contends the trial court has a ministerial duty to both issue the writ and to consider the merits of her habeas application before she is put to trial on the pending felony charge. Because no appeal is available from either the refusal to issue a writ or the failure to take action on the merits of her habeas application, Martinez contends mandamus is her only available remedy.

Respondent argues that Martinez is not entitled to mandamus relief because the decision to issue a writ and grant a hearing on a pre-trial application for writ of habeas corpus is within the

court's discretion, citing this court's opinion in *Ex parte Carter*, 849 S.W.2d 410 (Tex. App.—San Antonio 1993, pet. ref'd). Further, Respondent contends the ability to present her habeas application to another district judge having jurisdiction provides Martinez with an adequate legal remedy precluding mandamus relief. *See In re Altschul*, 236 S.W.3d 453, 456 (Tex. App.—Waco 2007, orig. proceeding); *In re Piper*, 105 S.W.3d 107, 110 (Tex. App.—Waco 2003, orig. proceeding).

Respondent relies in part on *Ex parte Carter* in asserting that Martinez is not entitled to mandamus relief. *Carter*, 849 S.W.2d at 412 (trial court has no duty to grant hearing on habeas application). In *Carter*, this court dismissed Carter's attempted appeal "from an order denying an application for a pre-trial writ of habeas corpus in which the appellant claimed violations of the double jeopardy provisions of the federal and state constitutions." *Id.* at 411. The trial court denied Carter's request to issue the writ of habeas corpus. *Id.* at 412. Carter appealed only from the trial court's refusal to issue the writ, not from an order denying habeas relief based on the merits of the habeas application. *Id.* Because the trial court had only denied Carter's request to issue a writ and never reached the merits of the application, there was no appealable order. *Id.* at 413. This court concluded that it lacked jurisdiction over Carter's attempted appeal because no appeal is available from the refusal to issue the writ. *Id.*

*Ex parte Carter* highlights the distinction between the decision to issue the writ and the decision to grant or deny habeas relief. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991). Where an application for habeas relief is presented, the judge must decide whether to issue the writ and whether to grant or deny habeas relief. *See Nichols v. State*, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952). No appeal is available from the court's decision not to issue the writ. *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008); *Hargett*, 819 S.W.2d at 868; *Carter*, 849 S.W.2d at 412. There is also no appeal available where the judge refuses to take any

action on the application. *Nichols*, 255 S.W.2d at 526. However, where the judge denies habeas relief, either with or without issuing the writ, the applicant has the right to appeal. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (orig. proceeding); *Hargett*, 819 S.W.2d at 868; *Nichols*, 255 S.W.2d at 526; *Carter*, 849 S.W.2d at 413; *Williams v. Harmon*, 788 S.W.2d 192, 193 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). Sometimes, it is difficult to determine whether the judge has granted the writ and denied habeas relief, or merely refused to issue the writ. *Nichols*, 255 S.W.2d at 526. It is clear from the record in this case that the judge not only denied issuance of the writ, but also refused to rule on or consider the merits of Martinez's application. When a trial court declines to rule on or consider the application for habeas relief itself, the Court of Criminal Appeals has suggested two possible remedies: present the application to another judge with jurisdiction; or seek mandamus relief. *Villanueva*, 252 S.W.2d at 394 (*citing Hargett*, 819 S.W.2d at 868).

The primary issue we must decide in this proceeding is not whether the trial court has a ministerial duty to issue the writ, but whether the judge had a ministerial duty to provide a ruling on the habeas application itself before requiring the parties to proceed to trial. If there is such a duty, we must also determine whether Martinez had an adequate remedy other than mandamus for the trial court's failure to do so. We recognize that Martinez did not file her application for habeas relief until trial was imminent. The record reflects that on June 8 with Martinez present in open court, the judge denied issuance of the writ, stated that he would not conduct a hearing on the application, and that the case would proceed to trial immediately.

Generally, a party is entitled to a ruling on motions within a reasonable time, giving consideration to the type of proceeding involved. *See In re Shaw*, 175 S.W.3d 901, 905 (Tex. App.—Texarkana 2005, orig. proceeding); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (party entitled to ruling on pretrial motion rather than being

required to wait until trial). The protection from double jeopardy encompasses both protection against multiple punishments and protection from multiple trials for the same offense. *See Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015) (double jeopardy protects against multiple punishments); *Robinson*, 641 S.W.2d at 554 (Double Jeopardy Clause protects against double punishments and "against being twice put to *trial* for the same offense.") (quoting *Price v. George*, 398 U.S. 323, 326 (1970)). We conclude that where the habeas application is based on a double jeopardy claim, the applicant is entitled to a ruling on the application before proceeding to trial.

As to the adequacy of the possible remedy of presenting her application to another judge, we conclude that in this instance, it was not adequate because trial was to begin immediately. *See Altschul*, 236 S.W.3d at 456 (technically available remedy of presenting application to another court will not defeat entitlement to mandamus relief when remedy is so uncertain, inappropriate or ineffective as to be deemed inadequate); *see also Hargett*, 819 S.W.2d at 868 (under proper circumstances, applicant may pursue mandamus when trial court refuses to consider habeas application). We note again that we cannot direct the trial court to enter a particular judgment on the application, only that Martinez is entitled to a ruling on the habeas application. *Crofts*, 362 S.W.2d at 105; *Shaw*, 175 S.W.3d at 904.

Respondent also contends that Martinez's application is deficient on its face. We do not address the sufficiency of the application in this opinion. While such deficiencies may provide the court with a basis for refusing to issue the writ or for denying the application, we conclude they do not relieve the court of its obligation to rule upon the application prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 11.15 (West 2015) (writ shall be granted without delay unless it is manifest from the petition "that the party is entitled to no relief whatever."); *see, e.g., Ex parte Crawford*, 506 S.W.2d 920, 922 (Tex. App.—Tyler 1974, orig. proceeding) (denying application for habeas based on deficiencies); *see also Ex parte Martell*, 901 S.W.2d 754, 757 (Tex. App.—San Antonio

1995, no pet.) (dismissing appeal for lack of jurisdiction after concluding trial court's denial of habeas petition as frivolous did not constitute a ruling on the merits of appellant's claims).

## CONCLUSION

Martinez is entitled to a ruling on her application for habeas relief before being put to trial on the currently pending state jail felony charge of prostitution. The trial court's failure to provide a ruling on the application and insistence on proceeding immediately to trial violated Martinez's protection from double jeopardy. The possibility of presenting her application to another judge was not a viable alternative given the circumstances. Consequently, although that may in some situations present an adequate legal remedy preventing mandamus relief, it does not in this instance. Accordingly, we conditionally grant mandamus relief in part. The trial court is directed to provide a ruling on Martinez's application for habeas relief, or allow an adequate time for her to obtain a ruling from another district judge, prior to proceeding to trial on the pending charge. We are confident the trial court will do as directed. The writ will issue only if we are advised the trial court has failed to do so.

Jason Pulliam, Justice

DO NOT PUBLISH