

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00163-CR

The **STATE** of Texas,
Appellant

v.

Alejandro Rodolfo **TORRES TRINIDAD**,
Appellee

From the County Court at Law, Webb County, Texas
Trial Court No. 2022CRB000444L2
Honorable Leticia Martinez, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: October 16, 2024.

REVERSED AND RENDERED

The State appeals the trial court's order granting Appellee, Alejandro Rodolfo Torres Trinidad, habeas relief. For the reasons stated below, we reverse the trial court's order, render judgment dismissing Torres Trinidad's habeas application, and reinstate the information charging Torres Trinidad with the misdemeanor offense of criminal trespass.

## BACKGROUND

As part of Operation Lone Star, Torres Trinidad, a noncitizen, was arrested for and charged by information with the misdemeanor offense of criminal trespass.

On December 22, 2022, Torres Trinidad filed an application for pretrial writ of habeas corpus. In his application, Torres Trinidad sought dismissal of his underlying criminal case with prejudice because, he alleged, the "Complaint and Information are defective."

The trial court held a hearing on Torres Trinidad's application on January 6, 2023.

On February 9, 2023, the trial court issued an order stating, "came on to be heard Applicant's [Application for Pretrial] Writ of Habeas Corpus and relief from the case under this cause number is hereby GRANTED."[1]

The State timely appealed.

## COGNIZABILITY

In its third issue on appeal, the State contends that the trial court abused its discretion when it granted habeas relief to Torres Trinidad, because Torres Trinidad's habeas claim "is simply an improper challenge to the sufficiency of the complaint." We agree.

A grant of pretrial habeas relief "is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017) (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)). "Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. If a non-

---

[1] The trial court clerk filed Torres Trinidad's habeas application as a document in the same cause number as the underlying criminal proceeding. But "a habeas proceeding is a separate proceeding from a criminal prosecution." *Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023); *see Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd). As a result, Torres Trinidad's habeas application should have been "docketed separately from the substantive cause and given a different cause number." *Carter*, 849 S.W.2d at 411 n.2. Nevertheless, it is clear from the trial court's order that it granted Torres Trinidad's request for habeas relief in the habeas proceeding—in which Torres Trinidad had requested that the trial court dismiss the underlying criminal case with prejudice—and, in doing so, effectively dismissed the criminal charges in the underlying criminal case. *See State v. Lopez-Miranda*, No. 04-23-00153-CR, 2024 WL 3954213, at *1 n.1 (Tex. App.—San Antonio Aug. 28, 2024, no pet. h.).

cognizable claim is resolved on the merits in a pretrial habeas [proceeding], then the pretrial writ has been misused." *Ellis*, 309 S.W.3d at 79 (internal citation omitted); *see Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021) ("The court of appeals should have addressed cognizability as a threshold issue before reaching the merits of Appellant's claim.") (citing *Ellis*, 309 S.W.3d at 79).

"[P]retrial habeas corpus is available 'only in very limited circumstances.'" *Ex parte Sheffield*, 685 S.W.3d at 93 (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)). "And, ordinarily, pretrial habeas is not available to 'test the sufficiency of the complaint, information, or indictment.'" *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)); *see Ellis*, 309 S.W.3d at 79. Pretrial habeas may be available, however, "when the applicant alleges that the statute under which he or she is prosecuted is unconstitutional on its face" or if "the pleading, on its face, shows that the offense charged is barred by limitations." *Weise*, 55 S.W.3d at 620; *see Doster*, 303 S.W.3d at 724–25.

We previously considered, in *State v. Lopez-Miranda*, 2024 WL 3954213, at *2–3, a State's appeal involving the same habeas claims, the same appellate issue, and the same trial court hearing,[2] and determined that the habeas claims were not cognizable. Torres Trinidad's habeas application asserts that the "Complaint and Information are defective" for the same six reasons listed in the habeas application of the appellee in *Lopez-Miranda*: (1) the complaint and information do not "allege the true and correct owner of the property," (2) "they fail to state the offense with which the Defendant is charged in plain and intelligible words," (3) "the property alleged for Criminal Trespass is not properly described in the charging instruments with

---

[2] The hearing in the trial court involved three habeas applications, including applications filed by Torres Trinidad and the appellee in *Lopez-Miranda*.

conflicting locations," (4) "they fail to allege a culpable mental state for the offense charged," (5) "they do not specify with particularity . . . which disaster declaration is being alleged," and (6) they "provide conflicting locations, one of which presents that [Torres Trinidad] is innocent of the alleged Criminal Trespass charge because it is not on private property with a statement by the owner," which "indicates that these charging instruments have no merit against" him. *Id*. As in *Lopez-Miranda*, "[e]ach of these arguments challenges the sufficiency of the complaint and information; none contend that the criminal trespass statute is unconstitutional on its face or that the information shows, on its face, that the criminal trespass charged is barred by limitations."[3] *Id*. Thus, for the reasons enunciated in *Lopez-Miranda*, we conclude that none of the claims Torres Trinidad asserted in his habeas application are cognizable in a pretrial habeas proceeding. *Id.*; *see also Doster*, 303 S.W.3d at 724; *Weise*, 55 S.W.3d at 620–21; *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005); *State v. Colin-Tapio*, 679 S.W.3d 263, 265 (Tex. App.—San Antonio 2023, no pet.).

Because none of Torres Trinidad's claims are cognizable in a pretrial habeas proceeding, we sustain the State's third issue. We do not reach the remainder of the State's issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having determined that Torres Trinidad failed to raise any claims that are cognizable in a pretrial habeas proceeding, we reverse the trial court's order granting Torres Trinidad habeas

---

[3] In his appellate brief, Torres Trinidad argues that "at its core" his habeas application "is a probable cause challenge" and that "[t]he use of the pre-trial writ to challenge the State's authority to detain on inadequate probable cause was proper." But his claims all challenge the sufficiency of the charging documents—none of his claims even make any reference to his arrest or to probable cause, let alone present a challenge to the State's probable cause for his arrest—and a challenge to the sufficiency of a charging document is a separate and distinct claim from a challenge to the sufficiency of the probable cause to support an arrest. *See Lopez-Miranda*, 2024 WL 3954213, at *2 n.2. Furthermore, at the habeas hearing, Torres Trinidad argued that the charging documents alleged the wrong owner and were therefore defective, not that the State lacked probable cause. As a result, we do not consider Torres Trinidad's argument that a challenge to the probable cause to arrest an individual may be raised in a pretrial habeas proceeding. *See id.*

relief, render judgment dismissing Torres Trinidad's habeas application, and reinstate the information charging Torres Trinidad with the misdemeanor offense of criminal trespass.

Lori Massey Brissette, Justice

DO NOT PUBLISH