

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00874-CR

The **STATE** of Texas,
Appellant

v.

Vicente Oropeza **DOMINGUEZ**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 13761CR
Honorable Dennis Powell, Judge Presiding

Opinion by:          Rebeca C. Martinez, Chief Justice

Sitting en banc[1]:   Rebeca C. Martinez, Chief Justice
                     Irene Rios, Justice
                     Lori I. Valenzuela, Justice
                     Adrian A. Spears II, Justice
                     H. Todd McCray, Justice
                     Velia J. Meza, Justice

Delivered and Filed: October 10, 2025

REVERSED AND RENDERED

The State of Texas appeals the trial court's order granting the appellee's request for habeas

relief. On July 17, 2024, this court affirmed the trial court's judgment and ordered the case

dismissed with prejudice. On October 9, 2024, the Court of Criminal Appeals issued its opinion in

---

[1] Justice Lori Massey Brissette is not participating.

*Ex parte Aparicio*, 707 S.W.3d 189 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). Subsequently, we acted on our own motion to reconsider this appeal en banc in light of *Aparicio*. *Id*. On August 12, 2025, we issued an opinion and judgment reversing the trial court's judgment and remanding for further proceedings consistent with the opinion. We now *sua sponte* withdraw our August 12, 2025 opinion and judgment in this case, in order to render judgment. *See* TEX. R. APP. P. 43.3 (appellate court should render judgment trial court should have rendered, except when remand is necessary for further proceedings or for another trial in the interests of justice); *see also State v. Lopez-Miranda*, No. 04-23-00153-CR, 2024 WL 3954213, at *3 (Tex. App.—San Antonio Aug. 28, 2024, no pet.) (mem. op., not designated for publication) (reversing and rendering judgment dismissing habeas application and reinstating information). For the following reasons, we reverse the trial court's order, render judgment denying Appellee's application for pretrial habeas relief, and reinstate the information charging Appellee with the misdemeanor offense of criminal trespass.

## BACKGROUND

Appellee, Vicente Oropeza Dominguez, was arrested and charged with misdemeanor criminal trespass as a part of Operation Lone Star ("OLS"). Appellee subsequently filed a pretrial application for writ of habeas corpus, arguing that the State engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions. The trial court granted Appellee's habeas application and ordered the case

dismissed.[2] The State appealed.

DISCUSSION

On appeal, the State argues that Appellee's selective-prosecution claim is not cognizable in a pretrial habeas proceeding and that the trial court erred by granting the application for writ of habeas corpus.

*A. Standard of Review*

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd)*.* "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross, 32* S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz*, 123 S.W.3d at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

*B. Cognizability*

---

[2] The trial court clerk filed Appellee's habeas application as a document in the same cause number as the underlying criminal proceeding, but "a habeas proceeding is a separate proceeding from a criminal prosecution." *Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023); *see Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd). As a result, Appellee's habeas application should have been "docketed separately from the substantive cause and given a different cause number." *Carter*, 849 S.W.2d at 411 n.2. Nevertheless, it is clear from the trial court's order that it granted Appellee's request for habeas relief in the habeas proceeding—in which Appellee had requested that the trial court dismiss the underlying criminal case with prejudice—and, in doing so, effectively dismissed the criminal charges in the underlying criminal case.

The State, in its brief, argues that a pretrial application for writ of habeas corpus based on a claim of selective prosecution is not cognizable on appeal. Appellee, however, disputes this argument.

From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the Appellee's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d at 202. Accordingly, we conclude that Appellee's claim is cognizable.

*C. Selective Prosecution*

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Aparicio*, 707 S.W.3d at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id*. at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Id.* at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Id.* at 204.

**CONCLUSION**

Because Appellee failed to establish the second prong of his selective prosecution claim, the trial court erred in granting his application for writ of habeas corpus. Accordingly, we reverse the trial court's order granting Appellee habeas relief, render judgment denying Appellee's habeas application, and reinstate the information charging Appellee with the misdemeanor offense of criminal trespass. We also dismiss any pending motions as moot.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH