Baron R. VON KOLB, Relator,

v.

The Honorable Ward L. KOEHLER, Respondent.

No. 7072.

Court of Civil Appeals of Texas, El Paso.

Dec. 18, 1980.

Michael R. Gibson, El Paso, for relator.

Ward L. Koehler (District Judge), El Paso, pro se.

## OPINION

WARD, Justice.

This is a writ of mandamus proceeding arising out of the non-action of the trial Court on an application for a writ of habeas corpus. We will sustain the application for mandamus.

Baron R. Von Kolb, Relator, is charged by information filed in County Court at Law No. One, El Paso County, Texas, with a misdemeanor offense of obscenity under Section 43.21, et seq., Tex.Penal Code Ann. Application for writ of habeas corpus was filed by Relator in the 168th District Court of El Paso County on December 2, 1980, and is still pending therein. The application attacks the constitutionality of part of the statute by which he is charged. Since the filing of the application, the Relator has attempted to set a hearing date with the Honorable Ward Koehler, the Judge of said Court, the last attempt having been made on December 8th. The Judge has refused to take any action on the application and, according to the proof presented herein, the application still pends on the docket of that Court. Relator has presented to this Court his motion for leave to file an application for the issuance of a writ of mandamus and that motion has been granted. Opportunity for the filing of briefs and for oral argument has been afforded to the parties, and the Relator has briefed his position and has orally argued thereon. No answer, brief or argument has been presented on behalf of the Respondent.

The writ of mandamus is a civil remedy based on a civil action but it may be used as a means of regulating certain criminal proceedings. *Fariss v. Tipps*, 463 S.W.2d 176 (Tex.1971). Examples of its use by the Texas Supreme Court in the criminal area are noted in that authority. See also 6 Texas Practice *Remedies* sec. 302 at 295 (2d ed. 1973). The courts of civil appeals have only limited jurisdiction in original mandamus proceedings but, by the terms of Article 1824, Tex.Rev.Civ.Stat.Ann., the courts have the power to issue the writ to compel a judge of the district or county court to proceed to trial and judgment in a cause. Under that statute, the Supreme Court has held that this Court of Civil Appeals may mandamus the district court to proceed to trial and judgment in a habeas corpus proceeding although it may not tell the district court what judgment to enter. *Crofts v. Court of Civil Appeals for Eighth Supreme Judicial District*, 362 S.W.2d 101 (Tex.1962). Although that case arose out of a civil

controversy concerning the custody of children, the same rule should apply to the present proceeding. It has been held that the court of civil appeals has appellate jurisdiction in a mandamus case concerning a criminal matter. *Berume v. Hughes*, 275 S.W. 268 (Tex.Civ.App.—Forth Worth 1925, no writ). Based on the above noted authorities, we hold that this Court may entertain the present mandamus action so long as we act within the restrictive terms of Article 1824, supra.

Both the district and county court have original jurisdiction to issue the writ of habeas corpus even though the criminal proceeding under attack is a misdemeanor. *Ex parte Johnson*, 561 S.W.2d 841 (Tex.Cr.App.1978); *Ex parte Phelper*, 433 S.W.2d 897 (Tex.Cr.App.1968). An attack by habeas corpus filed in the district court questioning the constitutionality of the statute forming the basis of a misdemeanor conviction is noted in *Ex parte Usener*, 391 S.W.2d 735 (Tex.Cr.App.1965).

It has been intimated in these proceedings that there is no present and compelling necessity for the issuance of the writ of mandamus since the Relator could shop around for a different forum which would take action on his application for the writ of habeas corpus. We hold that such a possibility is no defense to our issuance of a writ of mandamus under the authority of Article 1824.

For the reasons stated, we now hold that the Relator is entitled to the writ of mandamus requiring the District Judge to proceed with all reasonable dispatch to trial and judgment in the case regarding the application for writ of habeas corpus now pending in his court entitled "In re Baron R. Von Kolb." We assume that the trial Judge will abide by this decision at this time and will proceed to hear and dispose of the matter, and the writ will issue only upon his failure to act.

Relator, Baron R. Von Kolb, will pay all costs by reason of these proceedings.