**Ex parte Mark D. RODRIGUEZ.**

No. 37,080–02.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 28, 1998.

Gary Taylor, Austin, Michael B. Charlton, Houston, for appellant.

John Bradley, Assist. DA, Georgetown, Matthew Paul, State's Atty., Austin, for the State.

BAIRD, Judge, concurring.

The trial judge in the instant case denied applicant's attempt to withdraw his plea of guilt. Applicant sought to appeal that decision. The Court of Appeals, relying upon an *ex parte* affidavit from the trial judge attached to the State's brief, ruled the trial judge had not given permission for applicant to appeal his case. *Rodriguez v. State*, No. 03–94–00415–CR (Austin May 10, 1995, pet. ref'd) (not designated for publication). Applicant now seeks habeas relief.

Applicant has attempted to file his application for the writ of habeas corpus with every district judge in Williamson County and at least four judges in adjacent counties. Each judge has refused to issue the writ and rule on the merits of applicant's claims. From those denials, applicant has sought this Court's original jurisdiction. We have chosen to deny this application without written order. I write separately to concur in the decision to deny leave to file, believing the appropriate remedy at this point would be for applicant to file a writ of mandamus.

It is well settled that this Court will not invoke its original habeas corpus jurisdiction when the applicant has an adequate remedy at law. *Holmes v. Third Court of Appeals,*

885 S.W.2d 389 (Tex.Cr.App.1994). However, this Court has also held:

> In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.
>
> Given the subjective nature of such terms as "plain" and "uncertain," "convenient" and "inconvenient," "effective" and "ineffective," this Court must examine the specific circumstances of each case and carefully exercise its discretion before deciding whether a particular remedy at law is adequate.... In addition, equitable principles are necessarily involved when we consider whether mandamus should issue. (internal citations omitted)

*Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Cr.App.1987). In the instant case, Tex.Code Crim.Proc.Ann. art. 11.08 is the statutory remedy, yet is appears this remedy at law does not exist *in fact.* If applicant's repeated attempts to comply with the statutory remedy are thwarted by district judges refusing to do their jobs, this Court should grant mandamus relief if applicant chooses to seek such relief.

Accordingly, I concur in the judgment of the Court.