Petition for Writ of Mandamus Denied and Memorandum Opinion filed
December 5, 2006








Petition for Writ of
Mandamus Denied and Memorandum Opinion filed December 5, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01005-CV

____________

 

IN RE BILLY RAY RISLEY,

 Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On
November 9, 2006, relator Billy Ray Risley, an inmate in the Texas Department
of Criminal Justice, filed a mandamus petition in this court seeking an order
compelling the Honorable Mary Lou Keel, presiding judge of the 232nd District
Court of Harris County, to rule on his habeas corpus application and related
motions, and to forward the application to the Texas Court of Criminal Appeals.[1] 
For the reasons stated below, we deny relator=s petition for writ of mandamus.   








Relator
was convicted of aggravated assault in 2004 and sentenced to thirty years in
prison.  His conviction was affirmed by the First Court of Appeals on June 9,
2005,[2] and petition
for discretionary review was refused.  On June 16, 2006, relator filed his
application for habeas corpus, complaining of ineffective assistance of counsel
at trial and on appeal.  The State responded to the application, and the trial
court signed an order designating issues to be resolved on August 8, 2006. 
Shortly thereafter, relator mailed to a Harris County clerk a motion to appoint
counsel, a request to be present, and a request for the court reporter to
prepare and file the record for his supplemental brief regarding the trial
court=s designation of issues.  In his
mandamus petition, relator argues that the trial court has failed to rule on
these documents in a timely manner, violating its ministerial duty under the
Texas Code of Criminal Procedure.    

 In a
criminal case, mandamus relief is authorized only if the relator establishes
that (1) under the facts and the law, the act sought to be compelled is purely
ministerial; and (2) he has no other adequate legal remedy.  State ex rel.
Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003).  When a motion
is properly filed and pending before a trial court, the act of considering and
resolving it is ministerial, not discretionary.  Ex parte Bates, 65
S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig. proceeding).    








This
court is empowered to mandamus a district court to consider and rule on
properly filed pending motions if (1) relator has asked the trial court to
rule, and (2) the trial court either refused to rule or failed to rule within a
reasonable time.  See Barnes v. State, 832 S.W.2d 424, 426, 427 (Tex.
App.CHouston [1st Dist.] 1992, orig.
proceeding); Von Kolb v. Koehler, 609 S.W.2d 654, 655B56 (Tex. Civ. App.CEl Paso 1980, no writ).  There is no
bright‑line rule establishing a Areasonable time@ period.  Ex parte Bates, 65
S.W.3d at 135.  Some of the factors involved in the determination include the
trial court=s actual knowledge of the motion, its overt refusal to act on it, and the
state of the court=s docket.  See id. (citing Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979)).  A relator has the burden of providing this
court with a sufficient record to establish his right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); see Tex.
R. App. P. 52.3, 52.7.    

In this
case, although relator attached a copy of his habeas corpus application and the
court=s order designating issues, the
copies of his subsequent motions and letters to the clerk are not certified and
do not reflect a file stamp; therefore, the copies do not evidence that relator
made the court aware of his subsequent motions nor that he asked the court to
rule and it refused.  Also, the court=s order designating issues to be
resolved was signed on August 8, 2006, and relator does not provide any
authority that a delay of this length in handling the matter is an unreasonable
time period as a matter of law.  Relator claims that the trial court has a
maximum period of sixty days and ninety days to resolve the issues under
article 11.07, section 3(d); however, once the order designating the issues is
rendered, the section does not state a maximum time period in which the trial
court must resolve the matter.  See Tex. Code Crim. Proc. Ann. art.
11.07, ' 3(d) (Vernon 2005).[3] 









In sum,
relator has failed to establish that he is entitled to the mandamus relief
requested.  Accordingly, we deny relator=s petition for writ of mandamus
without prejudice to refiling at a later date.  

 

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed December
5, 2006.

Panel consists of Chief Justice Hedges, Justices Yates
and Seymore.









[1]Relator also filed a motion for leave to file the
mandamus petition and a motion to proceed in handwritten form.  Having
addressed relator=s petition, we deny both of these motions as moot.  





[2]Risley v. State,
No. 01-04-00732-CR, 2005 WL 1365134 (Tex. App.CHouston [1st Dist.] June 9, 2005, pet. ref=d) (mem. op.). 





[3]Article 11.07, section 3(d) provides as follows:

(d) If the
convicting court decides that there are controverted, previously unresolved
facts which are material to the legality of the applicant=s confinement, it shall enter an
order within 20 days of the expiration of the time allowed for the state to
reply, designating the issues of fact to be resolved.  To resolve those issues
the court may order affidavits, depositions, interrogatories, and hearings, as
well as using personal recollection.  Also, the convicting court may appoint an
attorney or a magistrate to hold a hearing and make findings of fact.  An
attorney so appointed shall be compensated as provided in Article 26.05 of this
code.  It shall be the duty of the reporter who is designated to transcribe a
hearing held pursuant to this article to prepare a transcript within 15 days of
its conclusion.  After the convicting court makes findings of fact or approves
the findings of the person designated to make them, the clerk of the convicting
court shall immediately transmit to the Court of Criminal Appeals, under one
cover, the application, any answers filed, any motions filed, transcripts of
all depositions and hearings, any affidavits, and any other matters such as
official records used by the court in resolving issues of fact.

Tex. Code Crim. Proc. Ann. art. 11.07 ' 3(d) (Vernon 2005).