**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 20, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-11-00865-CR

_____

## IN RE TIMOTHY DEWAYNE OFFORD, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 573,963**

---

## M E M O R A N D U M   O P I N I O N

On October 7, 2011, relator filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R. App. P. 52.  Relator complains that respondent, the Honorable Kevin Fine, presiding judge of the 177th District Court of Harris County, has failed to timely designate any fact issues pursuant to his application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c) (West Supp. 2010).

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) under the facts and the law, the act sought to be compelled is purely ministerial; and (2) he has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 198 (Tex.Crim.App.2003). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates,* 65 S.W.3d 133, 134-35 (Tex.App.-Amarillo 2001, orig. proceeding).

This court is empowered to mandamus a district court to consider and rule on properly filed pending motions if (1) relator has asked the trial court to rule, and (2) the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State,* 832 S.W.2d 424, 426, 427 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *Von Kolb v. Koehler,* 609 S.W.2d 654, 655-56 (Tex.Civ.App.-El Paso 1980, no writ). There is no bright-line rule establishing a "reasonable time" period. *Ex parte Bates,* 65 S.W.3d at 135. Some of the factors involved in the determination include the trial court's actual knowledge of the motion, its overt refusal to act on it, and the state of the court's docket. *See id.* (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979)). A relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *see* Tex. R. App. P. 52.3, 52.7.

In this case, relator has not provided a file-stamped copy of his habeas corpus application demonstrating it is actually pending in the trial court. Absent a showing the trial court is aware of his application, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

2