**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 23, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00708-CR

### IN RE TIMOTHY DEWAYNE OFFORD, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 573963**

## MEMORANDUM OPINION

On August 2, 2012, relator filed a copy of an application for writ of habeas corpus he asserts was filed in the 177th District Court of Harris County. This filing arises from a petition for writ of mandamus filed in this court on October 7, 2011. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In that petition, relator asked this court to compel the Honorable Kevin Fine, presiding judge of the 177th District Court of Harris County to designate any fact issues pursuant to the application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c) (West Supp.

2011). Relator failed to provided a file-stamped copy of the habeas corpus application demonstrating it was actually pending in the trial court. The petition for mandamus was denied. We construe relator's current filing as a new petition for mandamus relief..

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) under the facts and the law, the act sought to be compelled is purely ministerial; and (2) he has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 198 (Tex.Crim.App.2003). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates,* 65 S.W.3d 133, 134-35 (Tex.App.-Amarillo 2001, orig. proceeding).

This court is empowered to mandamus a district court to consider and rule on properly filed pending motions if (1) relator has asked the trial court to rule, and (2) the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State,* 832 S.W.2d 424, 426, 427 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *Von Kolb v. Koehler,* 609 S.W.2d 654, 655-56 (Tex.Civ.App.-El Paso 1980, no writ). There is no bright-line rule establishing areasonable time period. *Ex parte Bates,* 65 S.W.3d at 135. Some of the factors involved in the determination include the trial court's actual knowledge of the motion, any overt refusal to act on it, and the state of the trial court's docket. *See id.* (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979)). A relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *see* Tex. R. App. P. 52.3, 52.7.

In this case, the copy of the habeas corpus application relator claims was filed in the trial court does not reflect a file-stamp from the 177th District Court and therefore does not demonstrate the habeas corpus application is actually pending in the trial court. Absent a showing the trial court is aware of the application, relator has not established his

2

entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).