**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00032-CR
NO. 14-13-00033-CR

**IN RE BRANDON CAINES, Relator**

**ORIGINAL PROCEEDINGS**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1274700 and 1274701**

## MEMORANDUM OPINION

On January 14, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Vanessa

Velasquez, presiding judge of the 183rd District Court of Harris County to rule on his motion to obtain documents and trial records.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates,* 65 S.W.3d 133, 134-35 (Tex.App.-Amarillo 2001, orig. proceeding).

This court is empowered to compel by writ of mandamus a district court to consider and rule on properly filed pending motions if (1) relator has asked the trial court to rule, and (2) the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State,* 832 S.W.2d 424, 426, 427 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *Von Kolb v. Koehler,* 609 S.W.2d 654, 655-56 (Tex.Civ.App.-El Paso 1980, no writ). There is no bright-line rule establishing a reasonable time period. *Ex parte Bates,* 65 S.W.3d at 135. Some of the factors involved in the determination include the trial court's actual knowledge of the motion, any overt refusal to act on it, and the state of the trial court's docket. *See id.* (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979)). A relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *see* Tex. R. App. P. 52.3, 52.7.

2

In this case, the motions relator claims were filed in the trial court do not reflect a file-stamp from the 183rd District Court and therefore do not demonstrate the motions are actually pending in the trial court. Absent a showing the motions were filed and the trial court is aware of the motions, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).