**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00227-CR

### IN RE TERRELL OWENS, Relator

---

**ORIGINAL PROCEEDINGS**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1237297**

---

## MEMORANDUM OPINION

On March 15, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable David Mendoza, presiding judge of the 178th District Court of Harris County to conduct a hearing on his motion to obtain the appellate record in his criminal case.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates,* 65 S.W.3d 133, 134-35 (Tex.App.-Amarillo 2001, orig. proceeding).

This court is empowered to compel by writ of mandamus a district court to consider and rule on properly filed pending motions if (1) relator has asked the trial court to rule, and (2) the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State,* 832 S.W.2d 424, 426, 427 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *Von Kolb v. Koehler,* 609 S.W.2d 654, 655-56 (Tex.Civ.App.-El Paso 1980, no writ). There is no bright-line rule establishing a reasonable time period. *Ex parte Bates,* 65 S.W.3d at 135. Some of the factors involved in the determination include the trial court's actual knowledge of the motion, any overt refusal to act on it, and the state of the trial court's docket. *See id.* (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979)). A relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *see* Tex. R. App. P. 52.3, 52.7.

In this case, the motion relator claims was filed in the trial court is not attached to his petition. The record does not demonstrate the motion is actually pending in the trial court. Absent a showing the motion was filed and the trial court

2

is aware of the motion, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.[1]

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b)

---

[1] A copy of the appellate record in 14-10-00847-CR may be purchased from this court at a cost of $245.00.

3