**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 20, 2013.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00513-CR

## IN RE DOMINIC J. GOOCH, Relator

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS

## MEMORANDUM OPINION

On June 11, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator complains that motions he has filed in the 174th District Court have not been ruled upon. Relator requests this court "take jurisdiction" of his motions and make the rulings.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*,

236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates,* 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding).

This court is empowered to compel by writ of mandamus a district court to consider and rule on properly filed pending motions if (1) relator has asked the trial court to rule, and (2) the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State,* 832 S.W.2d 424, 426, 427 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *Von Kolb v. Koehler,* 609 S.W.2d 654, 655-56 (Tex. Civ. App.—El Paso 1980, no writ). We are not empowered to rule on the motions ourselves. A relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *see* Tex. R. App. P. 52.3, 52.7.

None of the motions that relator claims were filed in the trial court are in the record before this court. Accordingly, relator has not demonstrated the motions are actually pending in the trial court and the trial court is aware of the motions.

For these reasons, relator has not established his entitlement to the extraordinary relief of a writ of mandamus and we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).