**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 23, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00590-CR
NO. 14-13-00591-CR
NO. 14-13-00592-CR

**IN RE DAVID A. PEREZ, Relator**

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
178th District Court
Harris County, Texas
Trial Court Cause Nos. 1248823, 1249065 & 1323866

## MEMORANDUM OPINION

On July 10, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator complains The Honorable Shawna L. Reagin, presiding judge of the 176th District Court of Harris County, Texas, has failed to rule on his motion for judgment nunc pro tunc.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial, not discretionary. *Ex parte Bates,* 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding).

This court is empowered to compel by writ of mandamus a district court to consider and rule on properly filed pending motions if (1) relator has asked the trial court to rule, and (2) the trial court either refused to rule or failed to rule within a reasonable time. *See Barnes v. State,* 832 S.W.2d 424, 426, 427 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *Von Kolb v. Koehler,* 609 S.W.2d 654, 655-56 (Tex. Civ. App.—El Paso 1980, no writ). There is no bright-line rule establishing a reasonable time period. *Ex parte Bates,* 65 S.W.3d at 135. Some of the factors involved in the determination include the trial court's actual knowledge of the motion, any overt refusal to act on it, and the state of the trial court's docket. *See id.* (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979)). A relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *see* Tex. R. App. P. 52.3, 52.7.

In this case, the motion relator claims was filed in the trial court does not reflect a file-stamp from the 176th District Court and therefore does not demonstrate the motion is actually pending in the trial court. Absent a showing the

motion was filed and the trial court is aware of the motion, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish - Tex. R. App. P. 47.2(b)