WR-83,996-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/9/2015 7:00:35 PM
Accepted 10/12/2015 3:54:51 PM
ABEL ACOSTA
CLERK

No._____

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
10/12/2015
ABEL ACOSTA, CLERK

_____

## IN RE SYLVIA MARTINEZ

(STATE OF TEXAS, Realtor)

_____

From the Fourth Court of Appeals
San Antonio, Texas
No. 04-15-00348-CR

_____

# PETITION FOR WRIT OF MANDAMUS

**NICHOLAS "NICO" LAHOOD**
Criminal District Attorney
Bexar County, Texas
Assistant Criminal District Attorney

**Lauren A. Scott**
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva, 7th Floor
San Antonio, Texas 78205-3030
Telephone No. (210) 335-2885
State Bar No. 24066843
Email: lscott@bexar.org

Attorneys for the State

**ORAL ARGUMENT REQUESTED**

**IDENTITY OF PARTIES AND COUNSEL**

1. Realtor: The State of Texas

   *Represented by:*
   Nicholas "Nico" LaHood
   Bexar County Criminal District Attorney

   Lauren A. Scott
   Assistant Criminal District Attorney
   State Bar No. 24066843
   101 W. Nueva
   San Antonio, Texas 78205
   210-335-2885
   Email: lscott@bexar.org

2. Respondent: The Fourth Court of Appeals

   The Honorable Chief Justice Sandee Bryan Marion
   The Honorable Justice Jason Pulliam
   The Honorable Justice Patricia O. Alvarez
   Fourth Court of Appeals
   300 Dolorosa, 4th Floor, San Antonio, Texas 78205

3. Real Party in Interest: Sylvia Martinez

   *Represented by:*
   Chad P. Van Brunt
   State Bar No. 24070784
   Angela Moore
   State Bar No. 14320110
   310 S. St. Mary's Street, Suite 1830
   San Antonio, Texas 78205

4. Trial Court Judge: The Honorable Steve Hilbig
   187th Judicial District Court, Bexar County, Texas

# TABLE OF CONTENTS

Identity of Parties ................................................................................................2

Table of Contents                                                                                3

Table of Authorities                                                                              4

Introduction ........................................................................................................5

Statement of the Case.........................................................................................5

The Fourth Court's Opinion................................................................................6

Standard of Review.............................................................................................6

The Trial Court Performed a Discretionary Act ................................................7

There was an Adequate Remedy.........................................................................9

**PRAYER** ............................................................................................................104

CERTIFICATE OF SERVICE ..........................................................................126

# TABLE OF AUTHORITIES

**Cases**

Ex parte Carter, 849 S.W.2d 410 (Tex. App.—San Antonio 1993) .................... 8, 9

Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim. App. 1991) .............................. 8, 12

Ex parte McCullough, 966 S.W.2d 529 (Tex. Crim. App. 1998) ........................... 8

Ex parte Okere, 56 S.W.3d 846 (Tex. App.—Fort Worth 2001) ........................ 12

Ex parte Rodriguez, 980 S.W.2d 475 (Tex. Crim. App. 1998) ............................ 12

Greenwell v. Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645 (Tex. Crim. App. 2005) .................................................................................... 7

In re Altschul, 236 S.W.3d 453 (Tex. App.—Waco 2007) ................................... 13

In re Piper, 105 S.W.3d 107 (Tex. App.—Waco 2003) ........................................ 13

Nichlos v. State, 255 S.W.2d 522 (Tex. Crim. App. 1952) ................................... 8

State ex rel. Healey v. McMeans, 884 S.W.2d 772 (Tex. Crim. App. 1994) ........ 10

State v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924 (Tex. Crim. App. 2001) ....................................................................................................................... 7

Villanueva v. State, 252 S.W.3d 391 (Tex. Crim. App. 2008) ........................ 10, 12

Von Kolb v. Koehler, 609 S.W.2d 654 (Tex. App.—El Paso 1980) .................... 12

**Statutes**

Tex. Code Crim. Proc. Ann. art. 11.14 (West) ....................................................... 9

Tex. Penal Code Ann. § 43.02 (West) ............................................................... 5, 6

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Now comes the State of Texas, Realtor, by and through the Bexar County Criminal District Attorney, Texas, and files this Petition for Writ of Mandamus, and respectfully shows the Court the following:

## Introduction

The Fourth Court's opinion forces trial courts to create an appealable order on the eve of trial. Its ruling takes away the discretion of the trial court to refuse to issue a pre-trial writ of habeas corpus, a discretion the courts have had for as long as the Texas district courts have existed. This Court should order the court of appeals to withdraw its order and affirm the well-established rule of law giving trial courts discretion over issuing pre-trial writs.

## Statement of the Case

Real party in interest, Sylvia Martinez, is charged with committing prostitution. *See* Tex. Penal Code § 43.02. She was indicted on February 26, 2015 and on March 18, 2015, she was arraigned and defense counsel was appointed. The case was set for trial on June 5, 2015, and Martinez filed a pre-trial application for writ of habeas corpus on the same day the case was set for trial. On Monday June 8, 2015, the trial court denied Martinez's request to issue a writ. On the same

day, Martinez filed a petition for writ of mandamus with the Respondent, the Fourth Court of Appeals, and on June 15, 2015, she filed a supplemental memorandum for the petition for mandamus. On August 26, 2015, the Respondent conditionally granted the petition of mandamus and ordered the trial court to rule on Martinez's habeas application or provide her enough time to file her application in another court.

**The Fourth Court's Opinion**

The Respondent decided the trial court had a ministerial duty to rule on a double jeopardy pre-trial writ of habeas corpus. *In re Martinez*, No. 04-15-00348-CR at \*5 (Tex. App.—San Antonio, August 26, 2015) (orig. proceeding). The court asserted that a trial court must decide to issue the writ and to grant or deny the relief requested. *Id.* at \*4. Noting that generally parties are entitled to rulings on their motions within a reasonable time and recognizing that double jeopardy protects individuals from multiple trials; the court held the trial court has to rule on the writ application even if deficiencies would cause the trial court to refuse to issue or deny the application. *Id.* at \*5-6.

**Standard of Review**

This writ of mandamus requests an order finding the Fourth Court of Appeals should rescind its writ of mandamus in *In re Sylvia Martinez*. On review,

the realtor will show that Respondent clearly abused its discretion in issuing the writ and there is no other adequate remedy at law. *State ex re. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 926 (Tex. Crim. App. 2001). Since a writ of mandamus to this Court is the only remedy from the Fourth Court's adverse ruling, there is no other adequate remedy at law in this case. *Id.* at 927. The Fourth Court abused its discretion in granting the writ of mandamus because Martinez had an adequate legal remedy in the ability to present her application to another district court and the trial court exercised its discretion in refusing to issue the writ—it was not a ministerial duty. *Id.*

**The Trial Court Performed a Discretionary Act**

The habeas proceeding is considered a separate criminal action and the trial court's decision to issue the writ is what triggers the court's jurisdiction to hear the application. See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645, 650 (Tex. Crim. App. 2005). Much like this Court declining to exercise its original habeas jurisdiction in certain instances; the trial court may decline to issue a pre-trial writ and choose not to exercise its original jurisdiction over the pre-trial habeas application. See Ex parte McCullough, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998).

The articles under 11.07 cover post-conviction writs of habeas corpus. In post-conviction procedures, the writ issues by operation of law. *See* Tex. Code

Crim. Pro. art. 11.07 Sec. 3(b) and art. 11.072 Sec. 4(a). There is no such mandate for pre-trial writs, leaving the trial court with the discretion to issue or refuse to issue the writ. *See Hargett*, 819 S.W.2d at 869. It has been a long-standing part of Texas writ law that a trial court can refuse to issue a writ. See Nichlos v. State, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952). When the legislature codified Chapter 11, they took some of that discretion away when dealing with post-conviction writs, but there is no such provision in Chapter 11 for pre-trial writs of habeas corpus stating that the writ will issue by operation of law.

The Fourth Court previously recognized the discretionary nature of the decision to issue a writ of habeas corpus. *Ex parte Carter*, 849 S.W.2d 410, 412 (Tex. App.—San Antonio 1993, pet ref'd). Curiously, the court glosses over its holding in *Carter* by changing the question in *Martinez* from whether the trial court had discretion to refuse to issue the writ to whether the trial court had discretion to refuse to rule on the writ. *In re Martinez*, No. 04-15-00348-CR at *5. This changing of the question ignores the court's previous finding that the writ issuance is a necessary step for the trial court to hear the substantive allegations of the application. *Carter*, 849 S.W.2d at 413. The Respondent does not overrule or distinguish its opinion in *Carter*, but simply mentions it and then moves on without explanation. The court abuses its discretion in failing to follow its prior precedent and by failing to find the trial court had the discretion to refuse the writ.

Not only did the trial judge have the discretion to refuse to the issue the writ, but he properly refused to issue the writ because the application was insufficient on its face. (C.R. at 34-42). Martinez's application failed to comply with the requirements of article 11.14. Tex. Code Crim. Proc. art. 11.14. Martinez's application did not contain the court order that creates the confinement she is under as required by article 11.14(2), and she does not allege that she could not get a copy of the order. In addition she fails to swear an oath in the application stating that the allegations are true as required by article 11.14(3). Importantly, she provided no proof of her underlying allegation that she was charged with a violation of a municipal ordinance.

**There was an Adequate Remedy**

When a trial court refuses to issue a pre-trial writ of habeas corpus, the proper and preferred remedy is the applicant should present her writ application to another trial court. *See* Tex. Code Crim. Pro art. 11.05. The available remedy of finding another district court to consider the application is well established. This Court has found that in the event a trial court refuses to issue a writ or denies a hearing on the application's merits, an applicant may present the application to another trial court with jurisdiction. Villanueva v. State, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). In *Villanueva*, however, this Court also noted, in dicta, the use of a writ of mandamus when a trial court refuses to issue a writ. Id. While,

technically, the writ of mandamus is always available as a possible remedy, it is a drastic remedy that should only be invoked in "extraordinary situations." State ex rel. Healey v. McMeans, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994). This case is not an extraordinary situation, Martinez had an adequate remedy, and the Fourth Court of Appeals abused its discretion in finding otherwise.

After the trial court refused to issue the writ, trial counsel requested a continuance for time to file in another court. (R.R. at 7). Trial counsel also asserted he was not ready for trial even though there had been three previous court settings. (R.R. at 11). In response to the motion for continuance, the trial court reset the case for two weeks. (R.R. at 20). In addition to the three previous settings and the two week continuance, the record shows the trial court had given trial counsel previous notification on the Friday prior to the trial setting that the court did not intend to hear the writ and that trial counsel knew he could present the writ application to another court. (R.R. at 13-14). The record clearly shows Martinez had an adequate remedy, but she simply chose not to pursue it, instead she filed a writ of mandamus with the Fourth Court of Appeals. (appendix ?) The Fourth Court, without explanation, found that Martinez did not have an adequate remedy because the case was set for trial. But the court did not take into account or even mention in its opinion the two-week reset the trial court granted, the prior notice given to trial counsel, or the fact that Martinez created her own time frame. *In re*

*Martinez*, No. 04-15-00348-CR at *6.    The court's reasoning is counterintuitive that the two week continuance is not adequate when Martinez presented and expected the trial court to hear her application on the day of trial.  If one day is adequate for one court, then two weeks is more than adequate for Martinez to present her application to another court. The Respondent's finding that she had an inadequate remedy because the case was set for trial allows Martinez to benefit from her own delay.  Furthermore, Martinez created her own time frame by filing her writ application on the day of trial.

There could be times when a writ of mandamus would be the proper remedy after a trial court refused to issue a writ, but those cases should contain extraordinary facts which would make the remedy of presenting the writ to another trial court inadequate.  For example, in *Ex parte Rodriguez*, the concurring opinion noted that even though the Court denied the applicant's writ application, the applicant potentially had an appropriate writ of mandamus because the applicant had presented his writ of habeas corpus to every district judge in Williamson County and at least four judges in adjacent counties, with each judge refusing to issue the writ and rule on the merits.  Ex parte Rodriguez, 980 S.W.2d 475 (Tex. Crim. App. 1998) (Bair, J., concurring).[1]    Unfortunately, the language of *Villanueva* and *Ex parte Hargett* give the impression that the writ of mandamus is

---

[1] According the State's research, Rodriguez did not follow the suggestion of Justice Baird and file a writ of mandamus, so there is no resolution on whether the trial courts should have issued Rodriguez's writ and addressed the merits of his request to withdraw his guilty plea.

an equally appropriate remedy to filing the writ application with another judge. Villanueva, 252 S.W.3d at 394; Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). However, a closer look at the case upon which *Hargett* relies shows extraordinary facts and the decision is based on a statute that no longer exists. See Von Kolb v. Koehler, 609 S.W.2d 654 (Tex. App.—El Paso 1980). The El Paso court noted the trial judge refused to take **any** action on the writ application, and found that under Article 1824 the Court of Civil Appeals had the power to mandamus a district court to proceed to trial and judgment. Id. at 654 (emphasis added). *Von Kolb* hardly creates a general rule that a writ of mandamus is an equal or preferable remedy when a trial court refuses to issue a writ. The remedy for a court's failure to consider a writ of habeas corpus is simply to file the writ with another court, which is supported by the well settled rule of law that no appeal lies from a trial court refusing to issue a writ. See Ex parte Okere, 56 S.W.3d 846, 849 (Tex. App.—Fort Worth 2001).

Two Waco Court of Appeals' cases illustrate when a mandamus is not appropriate and when it might be the only adequate remedy. In one case, the court found that a writ of mandamus was not proper after the trial court refused to issue the writ because the remedy was to file a petition for writ of habeas corpus in the Texas Court of Criminal Appeal, in any Texas district court, on in any Texas county court. In re Piper, 105 S.W.3d 107, 110 (Tex. App.—Waco 2003). In

comparison, the court found mandamus was a proper remedy, but their reasoning was based on the special circumstances of the case because the applicant was trying to open his state court juvenile records in order to correct his federal sentences, and the only court that could provide the documents he needed was the court of his juvenile adjudication. In re Altschul, 236 S.W.3d 453, 456 (Tex. App.—Waco 2007). The record in the instant case shows no extraordinary facts that necessitate a writ of mandamus and Martinez should have filed her application in another trial court.

Martinez had two weeks to present her application to another court, but she chose to file a mandamus on the day the court refused to issue the writ. Respondent then abused its discretion in finding the mandamus as the appropriate remedy, instead of presenting the application to another court. This Court should find that presenting a writ application to another trial court is the proper remedy if a trial court refuses to issue a writ.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator respectfully request that this Honorable Court grant this Writ of Mandamus directing the Respondent to vacate its order or, in the alternative, to order enforcement of the order be stayed until this issue can be resolved and for such other and further relief to which they are justly entitled.

Respectfully submitted,

**NICHOLAS "NICO" LAHOOD**

Criminal District Attorney
Bexar County, Texas

/s/ Lauren Scott

**LAUREN A. SCOTT**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva, 7th Floor
San Antonio, Texas 78205-3030
Telephone No. (210) 335-2885
State Bar No. 24066843

Attorneys for the State

**CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 52.3(j)**

This certifies that the undersigned has reviewed this Petition and concluded that every factual statement in it is supported by competent evidence included in the appendix or record, as required by Appellate Rule 52.3(j).

/s/ Lauren A. Scott

**Lauren A. Scott**
Assistant Criminal District Attorney
Bexar County Texas
Texas State Bar No. 24066843

**CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(i)**

I certify that this document is approximately 2600 words.

/s/ Lauren A. Scott

**Lauren A. Scott**
Assistant Criminal District Attorney
Bexar County Texas
Texas State Bar No. 24066843

# CERTIFICATE OF SERVICE

I, Lauren A. Scott, Assistant Criminal District Attorney for Bexar County, Texas, certify that a copy of the foregoing document is being electronically mailed to the following parties:

**Respondent/Court of Appeals Justices**
Hon. Chief Justice Cathy Stone
Hon. Justice Marilyn Bernard
Hon. Justice Rebecca Martinez
Fourth Court of Appeals


**Real Party in Interes**t

Sylvia Martinez
*Represented by:*
Chad P. Van Brunt
State Bar No. 24070784
Angela Moore
State Bar No. 14320110
310 S. St. Mary's Street, Suite 1830
San Antonio, Texas 78205

**Trial Court Judge**
The Honorable Steve Hilbig
187th Judicial District Court, Bexar County, Texas

/s/
_____
**Lauren A. Scott**

DATE:      October 9, 2015